
Case 1:06-cr-00431-JMS   Document 57   Filed 04/15/08   Page 1 of 14   PageID #: 266

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 06-00431 JMS |
| | ) |
| Plaintiff-Appellee, | ) ORDER AFFIRMING |
| | ) CONVICTION |
| vs. | ) |
| | ) |
| BRUCE L. SLEDGE, | ) |
| | ) |
| Defendant-Appellant. | ) |
| _____ | ) |

## ORDER AFFIRMING CONVICTION

Defendant Bruce L. Sledge ("Defendant") was convicted and sentenced after trial of operating a motor vehicle while intoxicated in violation of Hawaii Revised Statutes ("HRS") § 291E-61(a)(1) and (a)(3) and with operating a motor vehicle after having his license suspended for operating a vehicle under the influence of an intoxicant in violation of HRS § 291E-62, both of which were assimilated into federal law pursuant to the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13.  Sledge appeals his conviction to this court, claiming a violation of the Speedy Trial Act, his Sixth Amendment right to a speedy trial, and ineffective assistance of counsel.  For the following reasons, Defendant's conviction is AFFIRMED.

## I. **BACKGROUND**

On August 9, 2006, Defendant was charged in a two-count Information relating to conduct taking place on Schofield Barracks, a military base within the special territorial jurisdiction of the United States. The charges, both brought into federal court pursuant to the ACA, alleged that Defendant: 1) unlawfully operated a vehicle while under the influence of alcohol in violation of HRS § 291E-61(a)(1) and (a)(3); and 2) unlawfully operated a motor vehicle after having his license suspended for operating a vehicle under the influence of an intoxicant in violation of HRS § 291E-62.

At his September 12, 2006 arraignment, the magistrate judge scheduled trial for October 10, 2006. After his arraignment, having lost his employment in Hawaii, Defendant relocated to Pennsylvania. On October 10, 2006, for reasons not clear to the court, the trial was continued until November 14, 2006. At Defendant's request, the trial date was further continued from November 14, 2006 until January 9, 2007.

On November 30, 2006, Defendant filed a motion seeking the U.S. Marshals Service to pay for his transportation to Honolulu for his January 9, 2007 trial. That motion was heard by the magistrate judge on December 12, 2006. The hearing was continued until January 11, 2007, apparently so that the parties could

explore having Defendant appear at trial by video-conferencing. Both parties requested a continuance of the trial date until February 13, 2007. During the continued January 11, 2007 hearing, the magistrate judge proposed that Defendant appear at trial by video-conferencing, at the court's expense.[1]

On February 2, 2007, the parties and the court agreed that Defendant would appear at trial by video-conferencing, resulting in a continuance of the trial date until March 20, 2007.[2] During a March 16, 2007 status conference, the magistrate judge determined that Defendant had failed to sign a waiver to proceed to trial by video-conferencing and had failed to contact his counsel to make appropriate arrangements. As a result, a bench warrant was issued for Defendant's arrest and the trial date was vacated.

Defendant was arrested and appeared in the United States District Court for the Eastern District of Pennsylvania on June 8, 2007. He posted cash bail, and a hearing was set in the District of Hawaii for July 2, 2007.

---

[1] On January 9, 2007, a different magistrate judge continued the trial from February 13, 2007 until March 13, 2007. The parties provided no apparent reason for this continuance. It appears, however, that this order was entered at the time the parties were attempting to arrange for Defendant to appear at trial by video-conference.

[2] On February 9, 2007, the magistrate judge entered an order, based on the stipulation of both parties, tolling time under the Speedy Trial Act from September 12, 2006, to and including March 20, 2007. The Stipulation and Order states that "[t]he defendant has agreed to continue the trial date as here stipulated."

Defendant appeared before the magistrate judge on July 2, 2007, and a trial date was set for September 25, 2007. A July 10, 2007 Stipulation and Order, signed by Defendant's counsel, states that "[o]n July 2, 2007, the defendant represented to the Court that he currently resides in Pennsylvania and needed to return there on the following day, July 3, 2007, and therefore requested a new trial date of September 25, 2007. Defendant represented to the Court that despite residing in Pennsylvania that he would be able to return to Hawaii on September 25, 2007, to appear for trial." In an August 30, 2007 Stipulation and Order continuing the trial date until October 23, 2007, Defendant's counsel sought a further continuance, explaining that a continuance was required because "the Defendant is in Pennsylvania and needs time to travel to the District of Hawaii for trial."

Defendant then filed a motion to disqualify his counsel, stating his counsel's request to continue the trial from September 25, 2007 until October 23, 2007 was made without his authority. That motion was granted on October 4, 2007, and Defendant was appointed new counsel.

Defendant was convicted on both counts of the Information after a bench trial on October 23, 2007. He was sentenced on the same date and filed a

timely notice of appeal on October 30, 2007, and an amended notice of appeal on November 1, 2007.

## II.  STANDARD OF REVIEW

Convictions by a magistrate judge are subject to review by a district court judge of the district in which the offense was committed.  18 U.S.C. § 3402.  A district court's review of the conviction is governed by the same standards as an appeal from a judgment of a district court to the court of appeals.  Fed. R. Crim. P. 58(g)(2)(D); *United States v. McFarland*, 369 F. Supp. 2d 54, 56-57 (D. Me. 2005); *United States v. Charrington*, 285 F. Supp. 2d 1063, 1066 (S.D. Ohio 2003); *United States v. Fautanu*, 751 F. Supp. 1420, 1421 (D. Haw. 1990).

## III.  ANALYSIS

### A.  Defendant's Right to a Speedy Trial Was Not Violated

Defendant argues that a delay of 406 days between the date of his arraignment (September 12, 2006) and trial date (October 23, 2007) violated his rights under the Speedy Trial Act and the Sixth Amendment.  The court disagrees.

### *1.     The Speedy Trial Act*

When a defendant enters a plea of not guilty,

> the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).  The term "offense" is defined to mean "any Federal criminal offense which is in violation of any Act of Congress and is triable by any court established by Act of Congress (other than a Class B or C misdemeanor or an infraction . . . )."  18 U.S.C. § 3172(2).  A sentence with a maximum term of imprisonment of six months or less but more than thirty days is a Class B misdemeanor; a sentence with a maximum term of imprisonment of thirty days or less but more than five days is a Class C misdemeanor; and a sentence with a maximum term of incarceration of five days or less is an infraction.  18 U.S.C. § 3559(a).

During oral argument, Defendant claimed that he was charged with State of Hawaii offenses, not federal criminal offenses in violation of an Act of

Congress, and thus the Speedy Trial Act exception for Class B or C misdemeanors and infractions does not apply to his case. The court disagrees.[3]

Although Defendant was charged with State of Hawaii offenses, these offenses were assimilated into federal law pursuant to the ACA. In fact, the Information charged Defendant in violation of Hawaii State law as "a federal offense pursuant to Title 18, United States Code, Section 13." As such, Defendant was charged with a federal criminal offense which is in violation of an Act of Congress. *See also United States v. Schoolcraft*, 2007 WL 275935, at *1 (S.D. Ohio Jan. 25, 2007) (finding that Speedy Trial Act did not apply to Class B misdemeanors charged under the ACA); *United States v. Seitles*, 2006 WL 1367374, at *2 (D. Nev. May 12, 2006) (same); *United States v. Graef*, 31 F.3d 362, 364 (6th Cir. 1994) (applying the Speedy Trial Act to a charge brought under the ACA); *United States v. Faison*, 2007 WL 2915025, at *2 (4th Cir. 2007) (same); *United States v. Bosser*, 866 F.2d 315, 318 (9th Cir. 1989) (assuming application of the Speedy Trial Act to a charge brought under the ACA). Having determined that the charges brought under the ACA constitute an "offense" under

---

[3] Even if the court accepted Defendant's argument that being charged under the ACA does not qualify as a federal criminal offense, he would nonetheless fail to prevail. Because the Speedy Trial Act's time limits apply only to an indictment or information charging an "offense," the Act would simply be inapplicable to his case if he was not, in fact, charged with an "offense" in violation of an Act of Congress.

the Speedy Trial Act, the court next considers whether the crimes charged in the Information are governed by the Speedy Trial Act or are exempted as Class B or C misdemeanors or infractions.

For first time offenders, HRS § 291E-61 carries a maximum period of incarceration of five days, while HRS § 291E-62 carries a maximum period of incarceration of thirty days. The degree of punishment under both provisions, however, escalates based on the defendant's prior criminal history. For instance, under HRS § 291E-62(b)(3)(A), "for an offense that occurs within five years of two or more prior convictions for offenses under this section or under section 291-4.5 as that section was in effect on December 31, 2001," a defendant may be sentenced up to one year incarceration.

The Hawaii Supreme Court has treated the prior conviction requirement under HRS § 291E-61 as an element of the offense that must be pled in the charging document and proven to the trier of fact beyond a reasonable doubt.[4]  *See State v. Domingues*, 106 Haw. 480, 487 107 P.3d 409, 416 (2005);

---

[4] The court recognizes that *United States v. Kearney*, 750 F.2d 787, 790 (9th Cir. 1984), held that under HRS § 291E-61's predecessor statute a defendant's prior conviction was not an element of the offense, and thus did not have to be alleged in an information brought into federal court under the ACA. *Kearney* is not controlling in light of the Hawaii Supreme Court's subsequent decisions clearly holding that the fact of the prior conviction is an element of the offense. *See Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (en banc).

*State v. Kekuewa*, 114 Haw. 411, 417, 163 P.3d 1148, 1154 (2007).[5] Because the Information in this case did not allege any prior convictions, Defendant was facing a maximum period of incarceration under HRS § 291E-61 of five days and a maximum period of incarceration under HRS § 291E-62 of thirty days. Both thus fall within the Speedy Trial Act's exception to the definition of an "offense," taking both violations outside the ambit of the Act's time limits.[6] The Speedy Trial Act is simply inapplicable to this case.

### 2. *The Sixth Amendment*

The court considers the following four factors in determining whether Defendant's Sixth Amendment right to a speedy trial was violated: (1) the length of the delay leading up to trial; (2) the reasons for that delay; (3) whether and

---

[5] In reaching this conclusion, the Hawaii Supreme Court applied an "intrinsic/extrinsic analysis" to determine that the prior conviction requirement describes attendant circumstances that are intrinsic to and "enmeshed" in the statutory framework, thus requiring their inclusion in the charging document and proof beyond reasonable doubt at trial. *See State v. Domingues*, 106 Haw. 480, 487, 107 P.3d 409, 416 (2005). This analysis, applied to HRS § 491E-61, applies with equal force to HRS § 491E-62.

In *State v. Jess*, --- P.3d ----, 2008 WL 837046 (Haw. Mar. 31, 2008), the Hawaii Supreme Court recently abandoned its intrinsic/extrinsic analysis in light of *Cunningham v. California*, 127 S. Ct. 856 (2007). In its stead, the Court held that "a charging instrument, be it an indictment, complaint, or information, must include all allegations, which if proved, would result in the application of a statute enhancing the penalty of the crime committed." *Jess,* 2008 WL 837046, at *9 (internal quotation and citation omitted).

[6] Even if the Speedy Trial Act did apply to the charged offenses, Defendant's failure to move for dismissal prior to trial constitutes a waiver of any right to dismissal. *See* 18 U.S.C. § 3162(a)(2); *United States v. Brickey*, 289 F.3d 1144, 1150 (9th Cir. 2002); *United States v. De La Cruz*, 514 F.3d 121, 129 (1st Cir. 2008).

when the defendant asserted his right to a speedy trial; and (4) whether the defendant was prejudiced by the delay. *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972). Of these four factors, "[t]he reason for the delay is the 'focal inquiry.'" *United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (*quoting United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 739-40 (9th Cir. 1989)).[7]

        The first *Barker* factor acts as "a triggering mechanism;" there is no need for the court to inquire into the other factors unless it is presented with a delay that is "presumptively prejudicial." *Barker*, 407 U.S. at 530. "Most courts have found a delay that approaches one year is presumptively prejudicial." *United States v. Corona-Verbera*, 509 F.3d 1105, 1114 (9th Cir. 2007). The 13-month delay in this case, although crossing the presumptively prejudicial line, was not excessively long and thus does not weigh heavily in Defendant's favor. *See King*, 483 F.3d at 976 (finding a two-year delay "not excessive" and thus did not "seriously weigh in King's favor"); *United States v. Gregory*, 322 F.3d 1157, 1162 (9th Cir. 2003) (finding that 22-month delay does not weigh heavily in the

---

[7] Although Defendant did not raise a Sixth Amendment claim before the magistrate judge, "an accused does not waive [his] Sixth Amendment speedy trial right by failing to assert it." *United States v. Sandoval*, 990 F.2d 481, 484 (9th Cir. 1993). Instead, "the defendant's assertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right." *Barker v. Wingo*, 407 U.S. 530, 528 (1972).

defendant's favor); *United States v. Lam*, 251 F.3d 852, 857 (9th Cir. 2001) (finding that 15-month delay militated only "slightly in Lam's favor").

The reason for the delay weighs against a finding of a Sixth Amendment violation. Shortly after his arraignment, Defendant moved to Pennsylvania. Defendant requested the second continuance from November 16, 2006 until January 19, 2007. On November 30, 2006, Defendant filed a motion seeking the U.S. Marshals Service to pay for his transportation to Honolulu. That motion was heard by the magistrate judge on December 12, 2006, January 11, 2007, and February 2, 2007. At the conclusion of these hearings, the court and the parties agreed that Defendant would appear at trial by video-conferencing, and trial was set for March 20, 2007. During a March 16, 2007 status conference, however, the magistrate judge determined that Defendant had failed to sign an appropriate waiver or make arrangements with his counsel. A bench warrant then issued for Defendant's arrest, resulting in Defendant's arrest in early June. He posted bail and appeared in court in the District of Hawaii on July 2, 2007. Defendant then requested a trial date on September 25, 2007. His counsel then requested a further continuance, until October 23, 2007.[8]

---

[8] Defendant claimed that his counsel made this final request without his authority. Even if true, there is no evidence, however, that the government was aware that this request was made
(continued...)

Although his case was not complex, the delay between arraignment and trial was caused primarily by Defendant due to his move to Pennsylvania and his failure to sign a waiver to appear by video-conferencing and maintain contact with his counsel. Defendant, not the government, was the cause of the delay.

As to the third factor, Defendant only indirectly asserted his right to a speedy trial. After his counsel was granted a continuance of the trial from September 25 until October 23, 2007, Defendant filed a motion to disqualify his counsel on the grounds that the continuance was requested without his authorization. At no time, however, did Defendant move for dismissal based on a claim that his right to a speedy trial was violated.

Finally, as to the last factor, Defendant has provided no evidence that he was prejudiced by the delay. The passage of time, standing alone, is not prejudicial. *King*, 483 F. 3d at 977.

Weighing the *Barker* factors, the court concludes that the 406-day delay between Defendant's arraignment and trial did not violate his Sixth Amendment right to a speedy trial.

---

[8](...continued)
without Defendant's authorization.

**B.    Defendant Was Not Denied Effective Assistance of Counsel**

Defendant claims that his prior counsel's failure to raise a Speedy Trial Act violation constitutes ineffective assistance of counsel. Because the Speedy Trial Act did not apply to Defendant's charges, this claim must fail.

> The customary procedure for raising a claim of ineffective assistance of counsel in this Circuit is by collateral attack under 28 U.S.C. § 2255. We prefer appellants to raise such claims in a habeas proceeding because it permits the district judge first to decide whether the claim has merit, and second, if it does, to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted. We may, however, address the merits of an ineffective assistance of counsel claim on direct appeal if the record is sufficiently complete to allow us to decide the issue.

*United States v. Molina*, 934 F.2d 1440, 1446 (9th Cir. 1991) (internal citations and quotation omitted).

Defendant's ineffective assistance of counsel claim rests solely on his mistaken belief that the Speedy Trial Act applies to the crimes with which he was charged. Because the court concludes that the Speedy Trial Act in fact does not apply to the charges set forth in the Information, his prior counsel's performance was neither deficient nor was Defendant prejudiced. *See Strickland v. Washington*, 466 U.S. 668 (1984) (finding that to demonstrate ineffective assistance of counsel, a defendant must demonstrate that: (1) that his counsel's

13

performance was objectively deficient, and (2) the deficient performance prejudiced his defense). In other words, had Defendant's prior counsel filed a motion to dismiss based on a claimed Speedy Trial Act violation, that motion would have been denied as a matter of law.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, Defendant's conviction is AFFIRMED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 15, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Sledge*, Cr. No. 06-00431 JMS; Order Affirming Conviction